**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-49467 |
| Monette E. Saccameno, ) | Chapter 13 |
| ) | |
|     Debtor, ) | Hon. Timothy A. Barnes |
| ) | |

**PLAINTIFF AND DEFENDANTS' JOINT**
**MOTION TO WITHDRAW THE REFERENCE**

Monette E. Saccameno (for these purposes, "Plaintiff"), and respondents, Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2007 RP1 ("US Bank as Trustee") (collectively "Defendants"), by and through their undersigned attorneys, and pursuant to 28 U.S.C. § 157(d) and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, move the Court to withdraw the reference to the bankruptcy court, and in support thereof states as follows:

**BACKGROUND**

1. On December 31, 2009, Plaintiff filed for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code as Case Number 09-49467 in the Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Case").

2. On June 27, 2013, the bankruptcy court entered an order discharging Plaintiff of her prepetition debts upon completion of her Chapter 13 plan, and dismissing the Bankruptcy Case.

3. On January 26, 2015, Plaintiff moved to reopen the Bankruptcy Case, and filed a Motion Pursuant to 11 U.S.C. §524 for Violations of the Discharge Injunction and Fed. R. Bankr. P. 9020 Seeking Sanctions for Civil Contempt Against Defendants, which commenced a

contested matter against Defendants (the "Bankruptcy Contested Matter").  A true and correct copy of the motion commencing the Bankruptcy Contested Matter is attached hereto as **Exhibit A**.

4. The Bankruptcy Contested Matter alleges certain wrongful acts committed by Defendants arising from Defendants' alleged attempts to collect certain pre-petition debts that Plaintiff believes were discharged upon the dismissal of the Bankruptcy Case.  Plaintiff seeks certain equitable relief, including reformation of the operative loan documents, actual damages, including damages for medical expenses and emotional distress, punitive damages for violation of the bankruptcy injunction, including sanctions, and attorneys' fees and costs.

5. On February 5, 2015, Plaintiff commenced an action by filing a complaint (the "Complaint") in the District Court for the Northern District of Illinois, Case Number 15-cv-1164, alleging Breach of Contract and Breach of Fiduciary Duty, and violations of the Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act (the "District Court Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit B**.

6. The alleged acts that support the causes of actions in the Complaint are the same acts as those that give rise to Plaintiff's requested relief in the Bankruptcy Contested Matter.

7. The Complaint seeks statutory damages, actual damages, medical damages, including damages for emotional distress, punitive damages, attorneys' fees and costs, and equitable relief, including, reformation of the loan documents and removal of negative credit reports.

8. Defendants originally moved the District Court to withdraw the reference. Plaintiff opposed the original motion, and on November 19, 2015, the Court denied the original motion to withdraw.

9. Thereafter, Plaintiff and Defendants scheduled a settlement conference and exchanged initial settlement proposals. Although the parties were unable to settle the matter, the Plaintiff now agrees that withdrawal of the reference is necessary to prevent duplication of efforts, promote efficiency and uniformity, and control legal costs.

10. Section 157(d) of title 28 of the United States Code provides, in pertinent part:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

28 U.S.C. § 157(d).

11. Accordingly, a motion to withdraw the reference must be timely. *In re Sevko, Inc.*, 143 B.R. 114, 115 (N.D. Ill. 1992). There are no pending dispositive motions, and the parties are working together to set discovery schedules.

12. Courts apply certain factors in determining whether "cause" exists to withdraw the reference, including judicial economy, promotion of uniformity and efficiency in bankruptcy administration, and delay and costs to the parties. *Id.*, at 117. Courts have found that cause exists where there are two proceedings in bankruptcy and non-bankruptcy forums which are essentially litigating the same core of transactional facts. *Id.*; *see also Great Am. Mgmt. and Inv. v. Paper Indus. Union Mgmt. Pension Fund*, 1994 WL 673055 (N.D. Ill. Nov. 28, 1994).

13. The same core facts are at issue in both forums, and the parties are the same parties.[1] The same alleged wrongful acts, if proven by Plaintiff, support the claims in both forums. The allegations involved in the different forums require the same discovery and the same witnesses.

14. Accordingly, the parties are facing duplicative proceedings and redundant efforts in the two forums. Eliminating such inefficiencies serves judicial economy and spares the parties' resources. *See Paper Indus.*, 1994 WL 673055 at *9.

15. Since the original motion was denied, the parties have tried to operate in both courts, and the parties are in agreement that continuing to proceed as they have in the different forums is inefficient. It also adds legal costs that can otherwise be reduced if in one forum. The parties will benefit from having a single discovery schedule.

WHEREFORE, for all of the foregoing reasons, Monette E. Saccameno, Ocwen Loan Servicing, LLC and U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2007 RP1, jointly request that the Court withdraw the reference of jurisdiction from the bankruptcy court and take jurisdiction over both the District Court Action and the Bankruptcy Contested Matter.

| OCWEN LOAN SERVICING, LLC and U.S. BANK N.A. AS TRUSTEE | MONETTE E. SACCAMENO |
|---|---|
| By: /s/ Aaron Davis<br>    One of its Attorneys | By: /s/ Paul M. Bach<br>    One of her Attorneys |
| Robert W. Brunner (6203884)<br>Aaron Davis (6292665)<br>BRYAN CAVE LLP<br>161 North Clark Street, Suite 4300 | Paul M. Bach, Esq. (6209530)<br>SULAIMAN LAW GROUP, LTD.<br>900 Jorie Blvd, Ste 150<br>Oak Brook, IL 60523 |

---

[1] In the District Court Action, defendant, Potestivo & Associates, P.C.'s motion to dismiss was granted on November 19, 2015, and Plaintiff decided against amending the Complaint or otherwise continuing to pursue a cause of action against this defendant.

| | |
|---|---|
| Chicago, Illinois 60601<br>Telephone: (312) 602-5000<br>Facsimile: (312) 602-5050<br>brunnerr@bryancave.com<br>aaron.davis@bryancave.com | Telephone (630)575-8181<br>Paul.bach@sulaimanlaw.com |

## CERTIFICATE OF SERVICE

    The undersigned counsel certifies that on April 27, 2016, a true and correct copy of the foregoing PLAINTIFF AND DEFENDANTS' JOINT MOTION TO WITHDRAW THE REFERENCE was served via the Court's electronic filing system upon the following counsel of record:

    Paul M. Bach
    Sulaiman Law Group, Ltd.
    900 Jorie Blvd., Suite 150
    Oak Brook, Illinois 60523

                                                  */s/ Aaron Davis*